# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NADINE ANDERSON | ) |
| | ) CIVIL ACTION NO. _____ |
| *Plaintiff*, | ) |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| ADECCO USA, INC. AND | ) |
| AMAZON.COM LLC | ) |
| | ) |
| *Defendants*. | ) |

## COMPLAINT

COMES NOW Plaintiff, Nadine Anderson (hereinafter "Plaintiff"), by and through his undersigned counsel, and sets forth this Complaint for Damages against the above-named Defendants Adecco USA, Inc. ("Adecco"), and Amazon.com LLC ("Amazon" or collectively "Defendant Employers"). Plaintiff respectfully shows this Court as follows:

### JURISDICTION

1. This action is for race discrimination and retaliation under 42 U.S.C. §1981 ("Section 1981") and 42 USC Section 2000 ("Title VII"). Ms. Anderson

1

seeks declaratory and injunctive relief, back pay, front pay, liquidated damages, compensatory damages, and attorneys' fees and costs.

## VENUE

2. Venue is proper pursuant to, inter alia, 28 U.S.C. Section 1391(b)(2) and 42 U.S.C. Section 2000e-(f)(3).

3. Defendant Employers operate within the geographic boundaries of the United States District Court for the Northern District of Georgia.

4. This Court has personal jurisdiction over Defendant Employers as their registered agent is located within the geographic boundaries of this Court and operate within the geographic boundaries of this Court.

## PARTIES AND JURISDICTION

5. Plaintiff is an African American citizen of the United States who resides in Georgia.

6. Defendant Employers are for-profit corporations organized under the laws of the state of Georgia and registered to conduct business in the state of Georgia.

7. This Court has personal jurisdiction over each Defendant Employer.

8. Defendant Employers may be served through their shared registered agent if service or process is not waived.

9. This Court has personal jurisdiction over Defendant Employers.

## FACTS

10. On or around June 1, 2020, Plaintiff began working for Amazon through her staffing agency, Adecco.

11. At all times material to this Complaint, Defendant Employers were joint employers. In effect they each had control over Plaintiff's employment and the terms and conditions of her job.

12. Upon information and belief, each Defendant had authority to exercise control over the terms and conditions of Plaintiff's employment, specifically but not limited to her job assignments, her hours, her pay, her benefits, her promotional opportunities, and each had the ability to hire and fire her.

13. Defendant Employers each employed fifteen or more employees for each working day in each of twenty or more calendar weeks throughout 2020.

14. Defendant Employers are subject to the anti-discrimination provisions of Section 1981 and Title VII.

15. Plaintiff worked with Amazon's Workforce Staffing Group which was managed by Virginia Callahan a white female.

16. Plaintiff's work group consisted of approximately 20 employees.

17. Plaintiff's role involved working at Amazon new hire events to

process candidates IRS Form I-9's, employee badges, employee drug tests, and to complete reporting documentation.

18. Plaintiff's job performance was measured by number of candidates whom she processed.

19. Plaintiff's job performance was among the top of her field.

20. Plaintiff's white male co-worker Kevin was favored by Ms. Callahan.

21. Plaintiff and Kevin had the same job.

22. Despite having the same job, Kevin was allowed to work from home at times when Plaintiff was not.

23. Further, Kevin was paid for mileage on his car while Plaintiff was not.

24. Callahan also stereo typed Plaintiff and called her "lazy" even though she was one of the most productive employees.

25. Plaintiff made complaints about this disparate treatment to Callahan.

26. Callahan provided no justification for the different treatment but appeared to get angry that Plaintiff made a complaint of race discrimination.

27. On or around October 19, 2020, Plaintiff filed an EEOC charge alleging race discrimination and retaliation. See "Exhibit A" attached here to and incorporated herein.

28. After Plaintiff's complaints of race discrimination, she was counseled

repeatedly, and then in December 2020 she was terminated in retaliation for her complaints of race discrimination.

29. On or about March 24, 2021 the EEOC issued the Plaintiff a right to sue letter. See "Exhibit B" attached here to and incorporated herein.

30. This action has been commenced within 90 days of her receipt of the right to sue notice.

### FIRST CAUSE OF ACTION: RACE-BASED DISCRIMINATION - VIOLATION OF SECTION 1981

28. Plaintiff incorporates by reference paragraphs 1-27, above, as if fully set forth herein.

29. Plaintiff is a member of a protected group (African American).

30. Plaintiff was jointly employed by Defendant Employers.

31. Plaintiff was qualified for the position she held.

32. Plaintiff was subjected to disparate treatment and/or a hostile work environment as detailed above by her supervisor.

33. The disparate treatment and hostile work environment did not occur to Plaintiff's non-African American similarly situated colleges.

34. This unwelcome racial discrimination was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment and/or to create a hostile working environment.

35. Defendant Employers knew or should have known of the race discrimination that existed at Plaintiff's place of employment and failed to take corrective action.

36. Defendant Employers failed to take prompt and appropriate remedial measures to stop the above-described discrimination.

37. Plaintiff suffered damages because of this discrimination as well as Defendant Employers' retaliation.

38. As a direct and proximate result of Defendant Employers' above-mentioned discriminatory actions, Plaintiff has suffered lost wages and benefits, significantly diminished employment opportunities and emotional distress, including but not limited to outrage, shock, and humiliation.

39. Defendants have engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

## SECOND CAUSE OF ACTION: RETALIATON UNDER SECTION 1981

40. Plaintiff incorporates by reference paragraphs 1-39, above, as if fully set forth herein.

41. Plaintiff engaged in protected activity Section 1981 by making

complaints of race discrimination.

42. Subsequent to Plaintiff's complaints of discrimination, Plaintiff's was counseled and then her employment was terminated for a pretextual reason.

43. The reason for these adverse actions was to retaliate against Plaintiff for Plaintiff's complaints of race discrimination.

44. As a direct and proximate result of the above-mentioned discriminatory conduct, Plaintiff suffered lost wages and benefits, diminished employment opportunities and emotional distress, for which Defendant Employers are liable.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a) that Summons issue;

(b) that Defendants be served with Summons and Complaint;

(c) that trial by jury of all issues be had;

(d) that judgment be issued against Defendants for any and all general, special, nominal and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this Complaint;

(e) for all costs of this action to be taxed against the Defendants;

(f) for all costs and attorney's fees to be awarded to Plaintiff; and,

(g) for any and all other further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted this 16th day of June 2021.

s/ J. Stephen Mixon
J. Stephen Mixon, Esq.
Georgia Bar No. 514050
Attorney for Plaintiff

THE MIXON LAW FIRM, LLC
1691 Phoenix Boulevard
Suite 150
Atlanta, Georgia 30349
770-955-0100